I respectfully dissent from the decision of the majority concerning the second assignment of error.
The "de facto termination of the marriage" rule announced inBerish v. Berish (1982), 69 Ohio St.2d 318, which commits to the sound discretion of a domestic relations court the choice of a date as of which marital assets should be identified and valued for purposes of equitable distribution, was modified in 1992 by the enactment of S.B. 200. That legislation, now codified as R.C.3105.171, states at division (A)(3)(a)(1) that marital property means, inter alia "[a]ll real and personal property . . . that was acquired by either of the spouses during the marriage." Division (A)(2) of that section provides:
 "During the marriage" means whichever of the following is applicable:
 (a) Except as provided in division (A)(2)(b) of this section, the period of time from the date of the marriage through the date of the final hearing in an action for divorce or in an action for legal separation;
 (b) If the court determines that the use of either or both of the dates specified in division (A)(2)(a) of this section would be inequitable, the court may select dates that it considers equitable in determining marital property. If the court selects dates that it considers equitable in determining marital property, "during the marriage" means the period of time between those dates selected and specified by the court.
Further, division (G) of R.C.3105.171 states:
 In any order for the division or disbursement of property or a distributive award made pursuant to this section, the court shall make written findings of fact that support the determination that the marital property has been equitably divided and shall specify the dates it used in determining the meaning of "during the marriage."
The decree of divorce states that the case came on for hearing on August 10, 1999. The court did not state whether or why it would be inequitable to use that date for valuation of the parties' Wal-Mart stock or why its valuation for purposes of division as of the date the parties separated would be equitable. Indeed, the court didn't state that it had employed a date different from the date of the final hearing. Those determinations and findings are required by R.C. 3105.171 if the court chooses a date other than the final hearing date for that purpose, as the court did here.
Because the court valued the Wal-Mart stock as of the date the parties separated, its order that husband pay the wife an amount equal to one-half that value creates a windfall for the husband in the amount of the stock's increase in value since the separation. The majority surmises that the trial court's purpose may have been to compensate the husband for credit card debt he incurred after the separation. In that regard, the court ordered that the husband "shall be solely responsible for all of the credit card debt indebtedness, incurring during the marriage." By that, the court apparently referenced to the date of the final hearing.
Nothing in the nature or character of common stock as marital property supports a finding that it should be valued for purposes of property division as of a date other than the date that R.C.3105.171(A)(2)(a) specifies, the date of the final hearing. Further, nothing in this record supports a choice of a different date in this instance. Had the court wished to offset the credit card debt it required the husband to pay, the court could have made a distributive award of the wife's share to the husband for that specific purpose, also ordering him to sell the stock to pay the debt. Such an order likewise requires findings per R.C.3105.171 (G). I am more comfortable with requiring the trial court to make the findings it is required to make than I am in surmising what the trial court's possible purpose may have been.
I would sustain the second assignment of error, and would reverse and remand for findings and further order appropriate to the issues involved.
(Hon. Joseph D. Kerns sitting by assignment of the Chief Justice of the Supreme Court of Ohio)